IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEYVONE TRAYUS WILLIAMS,      )
                              )
        Plaintiff,            )
                              )
v.                            )        Civil Action No. 3:19CV561–HEH
                              )
A. BARRIE, *et al.*,          )
                              )
        Defendants.           )

## MEMORANDUM OPINION
### (Granting Motion to Dismiss)

Keyvone Trayus Williams, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court on Defendant Rountree's Motion to Dismiss.  For the reasons set forth below, the Motion to Dismiss (ECF No. 13) will be granted.

## I.     PRELIMINARY REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours*

2

& Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d

193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d

1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua*

*sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the

face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J.,

concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    THE COMPLAINT

### A. Summary of Allegations

On April 14, 2019, Williams was housed in Sussex One State Prison.  (Compl. 4,

ECF No. 1.)[2]  On that date, Correctional Officer A. Barrie was in charge of moving

Williams from cell 3B–3 to cell 3B–14.  (*Id.*)  Williams requested and obtained

permission from Barrie to return a borrowed magazine to cell 3B–4.  (*Id.*)  Williams bent

over to slide the magazine into cell 3B–4.  (*Id.*)  As he did so, Barrie grabbed the right

cheek of Williams's buttocks.  (*Id.*)

Later that day, while housed in the restrictive housing unit, Williams spoke to

Captain Rountree, who was the Watch Commander, and explained that he had been

sexually assaulted by Barrie.  (*Id.* at 5.)  Williams asked for permission to make a call to

report Barrie's actions pursuant to the Prison Rape Elimination Act ("PREA").  Captain

Rountree denied Williams's request.  (*Id.*)  Williams then asked for an emergency

---

[2] The Court utilizes the pagination assigned by the CM/ECF docketing system to Williams's
Complaint.

grievance. (*Id.*)  Captain Rountree denied Williams's request for an emergency grievance. (*Id.*)

Three days later, on April 17, 2019, Williams filed an emergency grievance concerning Barrie's actions. (*Id.* at 6.)  Williams did not receive a response to this emergency grievance. (*Id.*)

On April 19, 2019, Barrie tried to give Williams $10.00 to persuade him not to report that Barrie had grabbed Williams's buttock. (*Id.*)

Officer Barrie was later fired "for his actions towards" Williams. (*Id.* at 9.)

**B. Williams's Claims**

Williams makes the following claims against Defendants Barrie[3] and Rountree:

Claim One    Defendant Barrie subjected Williams to cruel and unusual punishment when he grabbed Williams's buttock. (*Id.*)

Claim Two    Defendant Rountree denied Williams "due process" when he denied Williams immediate access to a phone or an emergency grievance to report Defendant Barrie's actions. (*Id.*)

## III.   ANALYSIS

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972).  Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (collecting cases).  It is clear that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure."

---

[3] By Memorandum Order entered on August 28, 2020, the Court issued process and directed the Marshal to attempt to serve Defendant Barrie.

*Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Therefore, the failure to provide Williams immediate access to an emergency grievance does not amount to a denial of due process. Furthermore, the short-term lack of access to a telephone, fails to implicate a protected liberty interest. *Conn v. Stolle*, No. 1:11cv758 (CMH/TCB), 2011 WL 3321136, at *3 (E.D. Va. July 29, 2011) (citing *Boriboune v. Litscher*, 91 F. App'x 498, 500 (7th Cir. 2003) (unpublished)), *aff'd*, 460 F. App'x 276 (4th Cir. 2012) (unpublished). Accordingly, Williams has failed to state facts that indicate Defendant Rountree deprived him of due process.

Accordingly, the Motion to Dismiss will be granted, and Claim Two will be dismissed. Because Williams fails to state a claim against Defendant Rountree, Williams is not entitled to pursue discovery from Defendant Rountree. *See Iqbal*, 556 U.S. at 686 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). Accordingly, Williams's Request for Discovery (ECF No. 20) will be denied with respect to Defendant Roundtree.

An appropriate Order will accompany this Memorandum Opinion.

                                                       /s/

                                     Henry E. Hudson

Date: August 28, 2020

                                     Senior United States District Judge

Richmond, Virginia